**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 23-4086**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JUSTIN KYLE TRIPP,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, District Judge.  (5:21-cr-00296-BO-1)

Submitted:  February 27, 2024                    Decided:  February 29, 2024

Before WILKINSON, WYNN, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** G. Wells Dickson, Jr., WELLS DICKSON, PA, Kingstree, South Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, John L. Gibbons, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Justin Kyle Tripp appeals from his three-year term of supervised release imposed pursuant to his guilty plea to distribution of heroin and fentanyl, and set to run following his 160-month prison sentence. On appeal, Tripp asserts that certain conditions of supervised release were not adequately orally pronounced during his sentencing hearing, as required by *United States v. Rogers*, 961 F.3d 291 (4th Cir. 2020). We affirm.[*]

"[A] district court may satisfy its obligation to orally pronounce discretionary conditions through incorporation—by incorporating, for instance, all Guidelines 'standard' conditions when it pronounces a supervised-release sentence, and then detailing those conditions in the written judgment." *Id.* at 299. Here, the district court announced at Tripp's sentencing that it was imposing "the standard conditions of supervision in this district." (J.A. 111). Tripp argues that the court did not specify whether it was referring to the standard conditions that are listed in U.S. Sentencing Guidelines Manual § 5D1.3(c) or the standard conditions included in the Eastern District of North Carolina's standing order. However, by announcing that the standard conditions "in this district" would govern Tripp's supervised release, the district court sufficiently incorporated by reference the standard conditions outlined in the standing order. *See United States v. Elbaz*, 52 F.4th 593, 612 (4th Cir. 2022) (finding that district court's generic reference to standard conditions should be given "the most obvious meaning in context"), *cert. denied*, 144 S.

---

[*] The Government alternatively argues that Tripp explicitly waived this claim in his plea agreement. We assume, without deciding, that Tripp's claim is properly before us.

Ct. 278 (2023).  Moreover, the standard conditions in the Guidelines and in the standing order are functionally identical.  Tripp does not argue otherwise, and he does not assert that the court could have been referring to any other standard conditions.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*